

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*Casey S. Smith*
*Assistant U.S. Attorney*

CSS/PL AGR
2025R00593

*970 Broad Street, 7ᵗʰ floor*
*Newark, New Jersey 07102*

*973-645-2700*

April 21, 2026

Areeb Salim, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

Re:    <u>Plea Agreement with Milo Sedarat</u>

Dear Mr. Salim:

This letter sets forth the plea agreement between your client, Milo Sedarat ("Sedarat"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **May 12, 2026**, if it is not accepted in writing by that date. If Sedarat does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Sedarat to a one-count Information, which charges Sedarat with concealment of material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339C(c)(2)(A). If Sedarat enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Sedarat for (i) conspiring and attempting to provide material support to a designated foreign terrorist organization, namely the Islamic State of Iraq and al Sham, from at least on or about October 4, 2024 to on or about November 4, 2025; and (ii) transmitting threats in interstate and foreign commerce on or about January 15, 2025 and July 24, 2025.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Sedarat even if the applicable statute of limitations period

for those charges expires after Sedarat signs this agreement, and Sedarat agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 2339C(c)(2)(A) to which Sedarat agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence Sedarat is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sedarat is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Sedarat ultimately will receive.

Further, in addition to imposing any other penalty on Sedarat, the sentencing judge as part of the sentence:

(1)     will order Sedarat to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c);

(3)     pursuant to 18 U.S.C. § 3583(j), may require Sedarat to serve a term of supervised release of any term of years or life, which will begin at the expiration of any term of imprisonment imposed. Should Sedarat be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sedarat may be sentenced to not more than two years of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture

As part of Sedarat's acceptance of responsibility, Sedarat agrees to forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign or domestic: (i) of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording Sedarat a source of influence over any such entity or organization; (ii) acquired or maintained by Sedarat with the intent and for the purpose of supporting, planning, conducting, or concealing the Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit the Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; and (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in in 18 U.S.C. § 2331) against any international organization (as defined in 22 U.S.C. § 4309(b)) or against any foreign Government.

Sedarat acknowledges that the items listed on Schedule B hereto and which were seized from Sedarat on or about November 4, 2025 (the "Specific Property") are subject to forfeiture under 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c) as assets that were involved in, or used or intended to be used to commit the Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property. Sedarat admits that the Specific Property has the requisite nexus to the offense charged in the Information. Sedarat also acknowledges that the Specific Property is also subject to forfeiture because it constitutes assets, foreign or domestic, of Sedarat.

Sedarat waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Sedarat consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Sedarat understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Sedarat of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Sedarat further understands that Sedarat has no right to demand that any forfeiture of Sedarat's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Sedarat waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Sedarat also consents to the administrative and/or civil judicial forfeiture of the Specific Property.  Sedarat agrees that Sedarat will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Sedarat has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn.  Sedarat further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Sedarat further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Sedarat's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Sedarat by the sentencing judge.  This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Sedarat's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Sedarat will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement.  Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations.  Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office.  A determination that a Schedule A

- 4 -

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Sedarat waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Sedarat understands that, if he is not a citizen of the United States, his guilty plea to the charged offense likely will result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending Sedarat'ss naturalization. Sedarat understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Sedarat wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Sedarat's removal from the United States. Sedarat understands that Sedarat is bound by this guilty plea regardless of any immigration consequences. Accordingly, Sedarat waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Sedarat also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sedarat. So this agreement does not prohibit the United States, any agency thereof (including the IRS and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Sedarat from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Sedarat and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By:    Casey S. Smith
Assistant United States Attorney

APPROVED:

Joyce M. Malliet
Chief, National Security Unit

- 6 -

I have received this letter from my attorney, Areeb Salim, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedules A and B), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: _____

Milo Sedarat
Defendant

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedules A and B), waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: _____

Areeb Salim, Esq.
Counsel for Defendant

- 7 -

Plea Agreement With Milo Sedarat

Schedule A

1.      This Office and Milo Sedarat ("Sedarat") recognize that the United States Sentencing Guidelines do not bind the sentencing judge.    Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2025, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2X3.1.  This guideline carries a base offense level that is 6 levels lower than the offense level for the underlying offense.  Because the underlying offense is a violation of 18 U.S.C. § 2339B, which carries a base offense level of 26 under U.S.S.G. § 2M5.3(a), the base offense level under U.S.S.G. § 2X3.1 is 20.

4.      A 2-level enhancement applies under U.S.S.G. § 2M5.3(b)(1)(E) because the offense involved the provision of funds or other material support or resources with the intent, knowledge, or reason to believe they were to be used to commit or assist in the commission of a violent act.

5.      Therefore, before application of the Chapter 3 adjustments, the Guidelines offense level is 22.

6.      The upward adjustment set forth in U.S.S.G. § 3A1.4 applies because the offense is a felony that involved a federal crime of terrorism. This adjustment results in an increase of 12 levels. *See* U.S.S.G. § 3A1.4(a). In such case, Sedarat's criminal history category shall be Category VI.  *See* U.S.S.G. § 3A1.4(b).

7.      As of the date of this letter, Sedarat has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.    Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Sedarat's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, Sedarat has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in Sedarat's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Sedarat enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Sedarat's acceptance of responsibility has continued

- 8 -

through the date of sentencing and Sedarat therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Sedarat's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to Sedarat is 31 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapters 3 and 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 120 months, and except as specified in the next paragraph below, Sedarat will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 120 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Schedule B

1. One Apple laptop, serial # KGT42LGJG9
2. One grey Apple laptop, serial # FVFFLAENQ6L7
3. One Apple laptop with black colored cover
4. One black ThinkPad laptop computer, serial #: PW-0DS6AA
5. One White Hewlett Packard laptop, serial # 5CD4157VTD
6. One Thermal Right Desktop Computer, serial # 37235N58504311
7. One Desktop Computer, serial # MCBB311LKGNNS021204701428
8. One black Amazon tablet with black case, model # L5583A
9. One black Amazon tablet
10. One Canon Powershot digital camera, serial # 6524107402 with SD card
11. One Iron Key USB Stick, serial # IKVP50C
12. One flash drive, serial # SDC260-016G
13. One thumb drive, P/N # 91000-60001-001
14. One Royal Kludge USB thumb drive
15. One USB thumb drive, serial # LZ318ADA-DJ
16. One iPhone in black case
17. One Red Apple iPhone 8 Plus
18. One white iPhone
19. One blue iPhone
20. One grey iPhone 15 Pro Max in black case, serial # LF0C5J2C3J
21. One grey iPhone with green case
22. One Google Pixel 8 in black case, serial # 39061FDJH00E4W
23. One black iPhone
24. One purple iPhone
25. One book entitled Mein Kamph by Adolph Hitler
26. One black Carhartt rain defender sweatshirt
27. One black Kseibi axe
28. One metal pipe with duct tape
29. Shooting targets
30. One sword with black sheath
31. One sword with blue sheath
32. One 4-inch black knife
33. One red pocketknife
34. Three black masks
35. One pair of tactical gloves
36. One first aid kit within a black-colored zippered bag
37. One BB gun
38. Black colored clothing
39. Two black and white colored flags
40. Ornamental sword
41. Small bronze knife-like object
42. $1,291 in cash